# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                                         CRIMINAL ACTION NO. 2:17-cr-00011

CLARENCE MURRAY,

          Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant's objections to the Presentence Investigation Report ("PSR"). (ECF No. 35; *see also* ECF No. 36.) The Court heard arguments from the parties during a hearing held on August 7, 2017, related to the three remaining objections following the PSR's revision on July 24, 2017. (ECF No. 40.) For the reasons provided herein, the Court **OVERRULES** Defendant's objections.

### *I. DEFENDANT'S OBJECTIONS*

Three objections by Defendant remain outstanding. First, Defendant objects to the characterization of a substance purchased in a controlled buy as "MDEA" or "Ethylone" and to using the conversion rate for that substance to determine its marijuana equivalency for relevant conduct purposes. This first objection also involves the amount of heroin attributed to Defendant under relevant conduct principles. Second, Defendant objects to the application of the career offender enhancement on the basis that his prior convictions in New Jersey cannot be considered

1

"controlled substance offenses" under the Guidelines because the New Jersey statute is categorically broader and allows for convictions of offenses involving controlled substance analogues. Finally, Defendant objects to the application of the § 851 enhancement in his case and argues that the prior convictions in New Jersey similarly do not qualify as "felony drug offenses" within the federal statutory definition. The Court will address each objection in turn.

   *A. Relevant Conduct*

This objection first relates to the description of the substance that Defendant distributed during a controlled buy on May 1, 2015. Defendant disputes the name that the PSR attributes to that substance but concedes that recalculating the marijuana equivalency at the proposed conversion rate would not alter Defendant's offense level. (*See* ECF No. 35 at 2–3 ("[W]hile I realize that the conversion rate for the 3,4-Methylenedioxyethylcathinone will not affect the offense level, I object to the conversion using the rate for 3,4-methylenedioxy-N-ethylcathinone, absent some scientific evidence that 3,4-methylenedioxy-N-ethylcathinone[ ]is the most closely related controlled substance.").) Further, Defendant objects to the amount of heroin attributed to him based on Defendant's statement on June 11, 2015. Defendant avers that he should only be attributed 136.01 grams of heroin yielding a marijuana equivalency of 136.01 kilograms. (*Id.* at 3.) The revised PSR attributes to him 138.06 grams of heroin, or the equivalent of 138.06 kilograms of marijuana. Defendant's proposal would lower the PSR's overall drug quantity attributed to Defendant under relevant conduct principles from approximately 249 kilograms of marijuana equivalency to approximately 246 kilograms of marijuana equivalency.[1]

Accordingly, Defendant's objection related to the classification of the substance distributed

---

[1] The Court notes that both of these amounts yield a base offense level of 24 pursuant to Guidelines Section 2D1.1(c)(8).

by him on May 1, 2015, and the quantity of heroin attributed to him does not alter his base offense level pursuant to Guidelines Section 2D1.1(c)(8). Further, because the Court overrules Defendant's objection as to his career offender designation, Defendant's base offense level is nonetheless enhanced under Chapter Four of the Guidelines. This enhancement renders moot Defendant's argument regarding the drug quantity calculated as relevant conduct. As such, the Court overrules this first objection.

  *B. Career Offender Enhancement*

  The PSR in this case sets out Defendant's criminal history, including three prior convictions that the probation officer categorizes as "controlled substance offenses" under Guidelines Section 4B1.2(b) and Application Note 1 of the Commentary to that section, which results in Defendant's designation as a career offender pursuant to Section 4B1.1. Those prior convictions, according to the PSR, include the following: (1) a March 16, 1999, conviction by jury trial for possession of cocaine and marijuana with intent to distribute within 1,000 feet of school property in violation of New Jersey State Code § 2C:35-7 and § 2C:35-5a as well as employing a juvenile in a controlled substance distribution scheme in violation of New Jersey State Code §§ 2C:35-4, 2C:35-5, and/or 2C:35-6; (2) a June 21, 2007, conviction by guilty plea for possession with intent to distribute heroin within 1,000 feet of school property in violation of New Jersey State Code § 2C:35-7; and (3) a March 25, 2010, conviction by guilty plea for manufacturing or distributing less than one-half ounce of heroin in violation of New Jersey State Code § 2C:35-5a(1) and § 2C:35-5b(3).[2] These convictions are set out in Paragraphs 93, 95, and 96 of the PSR.

  After conceding that all three prior convictions are felony convictions involving controlled

---

[2] While Defendant does not challenge the veracity of these convictions, the Court notes that it verified these three convictions through the New Jersey Courts public access website.

substances, Defendant argues that for purposes of the career offender enhancement of the Guidelines they are not "controlled substance offenses." (*See* ECF No. 36 at 2–6.) Defendant's argument is premised on the fact that the underlying state statute on which his convictions were based—New Jersey State Code § 2C:35-5—criminalizes the manufacture, distribution, or possession of controlled substance analogues. (*See id.* at 3–4.) He avers that the inclusion of controlled substance analogues in addition to actual controlled substances makes the New Jersey statute categorically broader than controlled substance offenses as defined in Guidelines Section 4B1.2(b). (*Id.*) *See also* U.S. Sentencing Guidelines Manual § 4B1.2(b) (U.S. Sentencing Comm'n 2016) [hereinafter U.S.S.G.] (defining "controlled substance offense" to include an offense involving a controlled substance and a counterfeit substance but not an analogue).

The Government's response to this objection focuses on Defendant's actual offenses of prior convictions and not the categorical nature of the statute on which those convictions are based. It argues that "Defendant was convicted of possessing with the intent to distribute or distributing controlled substances, to-wit: cocaine and heroin. He was not convicted of possessing or distributing any controlled substance analog[ue]s." (ECF No. 39 at 3.) Presumably, the United States assumes in advancing this argument that the Court should apply the modified categorical approach in analyzing whether Defendant's prior convictions qualify as controlled substance offenses under Guidelines Section 4B1.2(b), which would allow for consideration of the charging instrument and other documents from the prior convictions. The Government also argues that the Guidelines definition prohibits the same conduct encompassed in the New Jersey statute, meaning that the New Jersey statute fits within the Guidelines definition of "controlled substance offense." (*See id.* at 3–4.) Proving that Defendant qualifies as a career offender is the Government's burden.

4

*See United States v. Lewis*, 862 F. Supp. 1277, 1280 (D.N.J. 1994); *see also United States v. Dees*, No. 11–0110, 2013 WL 3756437, at *1 (W.D. Pa. July 15, 2013).

> A defendant is a career offender under the Guidelines if:
>
> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). It is undisputed that Defendant was over eighteen at the time of the instant offense, that the instant offense is a felony controlled substance offense, and that Defendant has zero prior felony convictions that are crimes of violence. At issue is whether Defendant's three prior convictions in New Jersey are felony controlled substance offenses for purposes of this Guidelines section.[3]

To determine whether a prior conviction is a predicate offense triggering an enhancement under the Guidelines, the Court "approach[es] the issue categorically, looking 'only to the fact of conviction and the statutory definition of the prior offense.'" *United States v. Dozier*, 848 F.3d 180, 183 (4th Cir. 2017) (quoting *United States v. Cabrera-Umanzor*, 728 F.3d 347, 350 (4th Cir. 2013) (quoting *Taylor v. United States*, 495 U.S. 575, 602 (1990))). The Court must look only to the elements of the state criminal law and not at the defendant's actual conduct in committing the crime. *See id.* A defendant's prior conviction under state law is a predicate offense if the

---

[3] The Guidelines define a "controlled substance offense" as follows:

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

5

relevant statute's elements "'correspond[] in substance' to the elements of the enumerated offense." *Id.* (alteration in original) (quoting *Taylor*, 495 U.S. at 599). Further, if the state statute provides various "means" of satisfying an element of the statute, some of which fall within the Guidelines definition but at least one that does not, it is "broader" than the Guidelines definition and is not categorically a predicate offense. *See Mathis v. United States*, 136 S. Ct. 2243, 2253–54 (2016). In other words, "[t]he prior conviction qualifies as [a predicate offense] only if the statute's elements are the same as, or narrower than, those of the [Guidelines definition]." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013); *see also Mathis*, 136 S. Ct. at 2251 (noting that if a defendant could be guilty of a violation of the statute of prior conviction by satisfying an element not present in the Guidelines or generic definition, it is not a predicate offense).

However, if a statute of prior conviction "list[s] elements in the alternative[] and thereby define[s] multiple crimes," then the statute is "divisible" and the Court may apply what is known as the modified categorical approach. *Mathis*, 136 S. Ct. at 2249, 2251. Under the modified categorical approach, the Court may consult "a limited class of documents . . . to determine what crime, with what elements, a defendant was convicted of." *See id.*; *Shepard v. United States*, 544 U.S. 13, 26 (2005) (noting the types of documents that may be considered under this approach); *see also Warner v. United States*, No. 1:15CV164, 2017 WL 2377707, at *3 n.1 (N.D. W.Va. June 1, 2017) (citation omitted) (noting that these "documents, among other things, include judgments of conviction, charging documents, plea agreement, plea colloquy, and jury instructions"). This approach should be used in limited circumstances where the statute of prior conviction lists alternative elements that may form the basis of conviction; the statute "is not divisible if it simply

6

provides alternative 'means' of satisfying an element of the crime." *Warner*, 2017 WL 2377707, at *3 (citing *Mathis*, 136 S. Ct. at 2251).

> New Jersey State Code § 2C:35-5 makes it unlawful to engage in the following conduct:
>
> (1) To manufacture, distribute or dispense, or to possess or have under his control with intent to manufacture, distribute or dispense, a controlled dangerous substance or controlled substance analog[ue]; or
>
> (2) To create, distribute, or possess or have under his control with intent to distribute, a counterfeit controlled dangerous substance.

N.J. Rev. Stat. § 2C:35-5a (2013). The statute then enumerates fourteen penalty provisions that are applied based on what controlled substance or analogue is employed and the quantity involved. *See* N.J. Rev. Stat. § 2C:35-5b (2013).

The Court finds persuasive Third Circuit and District of New Jersey case law finding that, for purposes of the categorical versus modified categorical approach explained above, New Jersey State Code § 2C:35-5 is divisible. For example, in *Lepianka v. Attorney General U.S.*, the Third Circuit faced the question of whether section 2C:35-5 is an aggravated felony—in other words, whether it qualifies as a felony under the federal Controlled Substances Act—to grant the court jurisdiction to review a Board of Immigration Appeals decision. *See* 586 F. App'x 869, 870–71 (3d Cir. 2014) (per curiam) (unpublished opinion). After noting that section 2C:35-5 "proscribes the identical conduct" as 21 U.S.C. § 841(a)(1), the court found that the New Jersey law "covers 'distinct offenses carrying separate penalties,'" meaning that "the Court may turn to the modified categorical approach." *See id.* (citation omitted) (quoting *Singh v. Ashcroft*, 383 F.3d 144, 162 (3d Cir. 2004)). A review of the indictment and judgment in Lepianka's case revealed that he "was convicted for possessing with intent to distribute *ecstasy*, in violation of § 2C:35–5(b)(2)." *Id.* at 871 (emphasis in original). Applying the modified categorical approach, the Third Circuit

7

concluded that "[t]his subpart of § 2C:35–5 categorically qualifies as a felony under federal law." *Id.* (citing 21 U.S.C. § 841(b)(1)(C)). The Third Circuit previously addressed the same question in *Kporlor v. Attorney General of U.S.* and similarly found that the modified categorical approach should be applied to New Jersey State Code § 2C:35-5. *See* 529 F. App'x 173, 176 (3d Cir. 2013) (per curiam) (unpublished opinion) ("The modified categorical approach permits consideration of the criminal judgment and charging instrument (among other things), and those documents reveal that Kporlor pleaded guilty to Count One of the indictment, which charged him with possessing with the intent to distribute between one-half of an ounce and five ounces of cocaine. . . . Kporlor's conviction constitutes an aggravated felony . . . ." (citation omitted)).

Further, in *Mass v. United States*, the district court dismissed the petitioner's motion filed pursuant to 28 U.S.C. § 2255 in part because it found that his prior convictions under New Jersey State Code § 2C:35-5 qualified as controlled substance offenses under the Guidelines. *See* No. 11–cv–2407 (RBK), 2014 WL 6611498, at *7–8 (D.N.J. Nov. 20, 2014). While the court noted that "[t]he sentencing record is devoid of any indication that the Court applied the modified categorical approach," it emphatically stated that "Petitioner's prior controlled substance crime [under section 2C:35-5] is the very type of offense that the modified categorical approach *would* apply to." *Id.* at *7 (emphasis in original). The court explained as follows:

> The statute contains over fourteen possible different crimes of which Defendant could have been convicted of. *See* 2C:35–5(b)(1)-(14). Due to the divisible nature of 2C:35–5, the Court may examine the terms of the indictment to determine what crime Petitioner was previously convicted of. . . . This further supports the Court's finding that Petitioner's counsel was not deficient for failing to object to the alleged use of the modified categorical approach.

*Id.*

While the aforementioned cases did not analyze section 2C:35-5 in the context of whether

8

it is a "controlled substance offense" as defined in the Guidelines, this Court will follow the lead of the federal courts often tasked with interpreting New Jersey law and similarly will apply the modified categorical approach here.[4]  The New Jersey statute at issue includes various alternative elements that may form the basis of conviction.   For example, distribution of less than one ounce of marijuana, possession with intent to distribute more than five ounces of heroin, and creation of counterfeit OxyContin—all distinct crimes with discrete elements—are collectively criminalized under New Jersey State Code § 2C:35-5.  Despite the umbrella of section 2C:35-5, the statute enumerates the different felonies it covers by degree and separate punishments for each depending on the offense conduct.  It is illogical to suggest that notwithstanding the statute's alternative elements, most of which are irrelevant in any given criminal charge, the statute still should be analyzed under the categorical approach.  Defendant relies on *Mathis* to advance this argument, but the New Jersey statute at issue here is distinguishable from the Iowa statute in *Mathis*, which concerned a state burglary law "that enumerate[d] various factual means of committing a single element" as opposed to "one that lists multiple elements disjunctively . . . ."  *See Mathis*, 136 S. Ct. at 2249.

The information in the PSR regarding these prior convictions, which Defendant does not

---

[4] The Court notes that, despite Defendant's argument about the inclusion of analogues in the New Jersey statute, courts have found that the underlying state law at issue is a controlled substance offense even under the categorical approach.  *See United States v. Cordero*, 632 F. App'x 121, 122–23 (4th Cir. 2015) (per curiam) (unpublished opinion) (concluding that "the district court properly determined that Cordero's New Jersey state convictions [under New Jersey State Code § 2C:35-5(b)(3)] were prior felony convictions for purposes of the career offender Guidelines); *Alston v. United States*, 235 F. Supp. 2d 477, 480 (D.S.C. 2002) (denying the petitioner's § 2255 request for relief and noting that the defendant's prior conviction under New Jersey law for possession with intent to distribute cocaine was properly designated a controlled substance offense for purposes of applying the career offender enhancement); *see also Warner*, 2017 WL 2377707, at *4 ("It is clear from this statutory language that Warner's New Jersey conviction 'qualifies as [a predicate offense] [because] the statute's elements are the same as, or narrower than, those of the [guidelines definition.]'" (alterations in original) (quoting *Descamps*, 133 S. Ct. at 2281)); *Mass*, 2014 WL 6611498, at *8 (finding that "the Court did not need to apply the modified categorical approach in the first place" because "[e]ven under the most generous reading of the statute" it still categorically qualifies as a controlled substance offense).

contest, provides that Defendant was previously convicted of possession with intent to distribute cocaine and marijuana, possession with intent to distribute heroin, and manufacturing or distributing heroin under New Jersey law. These offenses are punishable by more than one year in prison and involve the distribution or possession with intent to distribute controlled substances. *See* N.J. Rev. Stat. §§ 2C:35-5, 2C:43-6. Thus, using the modified categorical approach, the prior convictions fall squarely within the Guidelines definition of a "controlled substance offense" for purposes of the career offender designation. *See* U.S.S.G. § 4B1.2(b) ("The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."). Because the modified categorical approach applies to classify Defendant's prior convictions as predicate controlled substance offenses under Guidelines Section 4B1.1(a)(3), the Court need not expand upon Defendant's argument regarding the inclusion of analogues in the New Jersey statute.

    *C. Enhancement Pursuant to 21 U.S.C. § 851*

The Government filed an Information in this case on February 3, 2017, establishing a prior conviction on which the Government will rely in seeking enhanced penalties set out in 21 U.S.C. § 841(b). (ECF No. 15.) The prior conviction established in the Information is Defendant's June 29, 2007, conviction for possession with intent to distribute heroin within 1,000 feet of school property in violation of New Jersey State Code § 2C:35-7. (*Id.*) This conviction, set out in Paragraph 95 of the PSR, is one of the three prior convictions that were subject to Defendant's second objection regarding the career offender enhancement.

Pursuant to 21 U.S.C. § 841(b)(1)(C), a defendant convicted under § 841(a)(1) who has "a prior conviction for a felony drug offense" faces a maximum term of imprisonment of thirty years, a maximum fine of $2,000,000, and a minimum term of supervised release of six years. "Felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. 802(44); *see also United States v. Burgess*, 478 F.3d 658, 662 (4th Cir. 2007) (citation omitted) ("[B]ecause the term 'felony drug offense' is specifically defined in § 802(44), . . . the logical, commonsense way to interpret 'felony drug offense' in § 841(b)(1)[] is by reference to the definition in § 802(44)."), *aff'd*, 553 U.S. 124 (2008).

In some circuits, sentencing courts use the categorical versus modified categorical approach employed above to determine the applicability of a variety of other sentencing enhancements, including a statutory enhancement under § 851. *See United States v. Ocampo-Estrada*, 873 F.3d 661, 667–68 (9th Cir. 2017); *United States v. Roman*, 464 F. App'x 32, 35 (2d Cir. 2012). The Fourth Circuit, however, has explicitly determined that employing an approach analogous to the modified categorical approach—where the sentencing court may examine conviction records—is appropriate to decide whether a prior conviction is a predicate "felony drug offense." *See United States v. Nelson*, 484 F.3d 257, 260–63 (4th Cir.), *cert. denied*, 552 U.S. 1023 (2007). The Court finds instructive the Fourth Circuit's decision in *Nelson*. There, the court found that a defendant's prior conviction for carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) constituted a "felony drug offense" as defined in § 802(44) because the indictment from that prior conviction "referred specifically to the

crime of possession of crack with intent to distribute" and that the defendant "admitted, by virtue of the September 1998 indictment and his subsequent guilty plea, that he carried a firearm during and in relation to his possession of crack with the intent to distribute . . . ." *Id.* at 261 ("To be sure, if Nelson had only been convicted of carrying a firearm during and in relation to a crime of violence or violating § 924(c)(1) generally (in the sense that neither the parties nor the district court could discern whether Nelson carried the firearm during and in relation to a crime of violence or carried it during and in relation to a drug trafficking crime), a different result might be required.").[5] The court found the categorical approach unsuitable for making this determination. *See id.* at 263; *see also United States v. Burns*, 264 F. App'x 767, 768 (11th Cir. 2008) (per curiam)

---

[5] It should be noted that the dissent in *Nelson* advocated for Defendant's argument here, stating that "contrary to the Government's contention, *Shepard* . . . and *Taylor* . . . do not allow sentencing judges to look to the facts of a prior conviction in order to determine whether a defendant has previously committed a 'felony drug offense.'" 484 F.3d at 265 (citations omitted). The dissent went on to write that "[n]either the Supreme Court nor this court has ever suggested that the *Shepard-Taylor* approach can be applied generally to federal sentencing enhancements or particularly to the question of whether a law 'restricts or prohibits conduct relating to drugs' for the purposes of a 21 U.S.C. § 841(b) enhancement." *Id.* However, the majority of the court, in the published opinion, rejected that position outright in the following passage:

> Finally, we offer a brief comment concerning the dissenting opinion of our distinguished colleague. According to the dissent, all violations of § 924(c)(1) are not felony drug offenses because in some instances (not all) § 924(c)(1) criminalizes conduct that has no relationship to drug activity. According to the dissent, its textual support for this argument is § 802(44)'s use of the word "law." The use of the word "law," the dissent tells us, means that "either all violations of a 'law'-in this case, § 924(c)(1)(A)-constitute 'felony drug offense[s]' or none do." This is so, according to the dissent, because the term "law" does not allow us to examine anything beyond the statutory definition of § 924(c)(1).
>
> We decline the dissent's invitation to read the word "law" so narrowly. "Law" as used in § 802(44) is a broad term, and it relates to all federal, state, and foreign laws that prohibit or restrict conduct related to drugs. Considering the broad nature of the term "law," we are convinced that Congress did not intend § 802(44) to have no application simply because a law in some instances would cover conduct unrelated to drug activity. For example, if a state law provided that it was illegal for a defendant to possess drugs, distribute drugs, manufacture drugs, or launder money, the dissent would conclude that this law is not related to drugs because a component of the law-money laundering-does not necessarily relate to drugs. Such an approach is simply illogical, would defeat the purpose of the enhanced penalties set forth in § 841(b)(1)(B), and explains why an examination of Nelson's undisputed formal conviction records is appropriate in this case.

*Id.* at 263.

(unpublished opinion) (noting that courts should look simply to the prior conviction itself and not the statutory language related to what the defendant could have been convicted of within the statute).

Here, Defendant's prior conviction, which was the result of his guilty plea, involved possession with intent to distribute heroin in violation of New Jersey State Code § 2C:35-7, which provides as the underlying offense section 2C:35-5, discussed above. Like in *Nelson*, the indictment in Defendant's prior New Jersey case referred specifically to the crime of possession of a controlled substance with intent to distribute. *Cf.* 484 F.3d at 261. Defendant's prior offense also is a felony under New Jersey law. *See* N.J. Stat. Ann. § 2C:43-6(a)(3). By virtue of the indictment and Defendant's subsequent guilty plea concerning a charge of possession with intent to distribute heroin, he admitted to the elements of a felony offense that clearly "prohibits or restricts conduct relating to narcotic drugs." 21 U.S.C. § 802(44). Because the prior offense of conviction falls squarely within the definition of "felony drug offense," *see also United States v. Carney*, No. 08 Cr. 767–01(RWS), 2011 WL 5879427, at *1 (S.D.N.Y. Nov. 23, 2011) ("Carney was convicted of distributing a controlled substance near or on school property, in violation of New Jersey Penal Law 2C:35-7, a felony . . . . Accordingly, Carney is subject to the enhanced penalties . . . ."), Defendant is subject to the enhanced sentencing provisions provided by 21 U.S.C. § 851. *Cf. United States v. Wheeler*, Nos. 97–4426, 97–4475, 1998 WL 416704, at *2 (4th Cir. July 22, 1998) (per curiam) (unpublished opinion) (holding that the defendant's prior conviction in New Jersey for possession of drug paraphernalia with intent to distribute was a "felony drug offense"); *Jones v. United States*, No. 12–4673 (JEI), 2015 WL 892617, at *2 (D.N.J. Mar. 2, 2015) (finding that the petitioner's prior conviction of cocaine possession under New Jersey law

qualified as a "felony drug offense").

## II. CONCLUSION

For the reasons set forth above, the Court **OVERRULES** Defendant's objections.

**IT IS SO ORDERED**.

the Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: January 10, 2018

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE