# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                           CRIMINAL ACTION NO. 2:17-cr-00011

CLARENCE MURRAY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Defendant's *Motion to Reconsider Career Offender Determination* (Document 45), along with the previous briefing and the *Memorandum Opinion and Order* (Document 43) issued by the Honorable Thomas E. Johnston.[1] That opinion sets forth the details of the objections at issue. In short, the Defendant objects to the use of his New Jersey drug convictions as predicate offenses for purposes of a career offender enhancement under the sentencing guidelines and a statutory enhancement pursuant to 21 U.S.C. § 851.

In 1999, Mr. Murray was convicted of possession of a controlled dangerous substance with intent to distribute within 1,00 feet of school property, cocaine, in violation of New Jersey Code § 2C:35-7 and 2C:35-5a, possession of a controlled dangerous substance with intent to distribute within 1,000 feet of school property, marijuana, in violation of New Jersey Code § 2C:35-7 and 2C:35-5a, as well as employing a juvenile in a controlled substance distribution scheme, in

---

[1] Judge Johnston issued his opinion on January 10, 2018, and this case was transferred to the undersigned on January 24, 2018. The Defendant filed the motion for reconsideration on January 24, 2018.

violation of N.J. Code 2C:35-6 and 2C:35-4 and/or 2C:35-5. In 2007, he was again convicted of possession with intent to distribute controlled substance (heroin) within 1,000 feet of school property, in violation of New Jersey Code § 2C:35-7. In 2010, he was convicted of manufacturing/distributing heroin, less than ½ ounce, in violation of New Jersey Code § 2C:35-5A(1) and 2C:35-5(B)(3). Mr. Murray asserts that the New Jersey statute at issue is broader than the definition of a "controlled substance offense" found in the United States Sentencing Guidelines, because the New Jersey offenses include controlled substance analogues.

Judge Johnston's opinion found the New Jersey statute to be divisible because it "enumerates fourteen penalty provisions that are applied based on what controlled substance or analogue is employed and the quantity involved." (Mem. Op. at 7.) Because the modified categorical approach reveals the specific substances involved in Mr. Murray's offenses—cocaine, marijuana, and heroin—Judge Johnston found that "the Court need not expand upon Defendant's argument regarding the inclusion of analogues in the New Jersey statute." (*Id.* at 10). The Defendant argues that the cases Judge Johnston considered to find the New Jersey statute divisible do not address the analogue issue.

The Court finds that the Defendant's motion for reconsideration should be denied. Although the definition of a "controlled substance offense" in the Guidelines does not expressly include controlled substance analogues, the Controlled Substance Analogue Enforcement Act of 1986 "instructs courts to treat [listed controlled substance analogues], if intended for human consumption, as controlled substances…for purposes of federal law." *McFadden v. United States*, 135 S. Ct. 2298, 2302 (2015) (citing 21 U.S.C. § 802(32) (A)). The Eighth Circuit recently addressed a similar argument based on an Illinois statute prohibiting manufacture, delivery, or

2

possession with intent to manufacture or deliver, a controlled substance, counterfeit substance, or controlled substance analog. The court found that "[w]hile it is true that [Guidelines] Section 4B1.1 itself does not employ the term 'analog', Congress elsewhere has provided that 'a controlled substance analogue shall, to the extent intended for human consumption, be treated, for the purposes of any Federal law as a controlled substance in schedule 1.'" *United States v. Jones*, 882 F.3d 1169, 1171 (8th Cir. 2018) (quoting 21 U.S.C. § 802(32)). The Eight Circuit therefore rejected the argument that the Illinois statutory offense was broader than the federal generic offense. This Court agrees, and finds that the New Jersey definition of a controlled substance analog contained in New Jersey State Code § 2C:35-2 is not materially different or broader than the federal definition. Even if the modified categorical approach did not permit the Court to focus on the non-analog drugs involved in Mr. Murray's offenses, the inclusion of analogs in the New Jersey statute does not render it broader than the federal equivalent.

Accordingly, after careful consideration, the Court **ORDERS** that the Defendant's *Motion to Reconsider Career Offender Determination* (Document 45) be **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: April 5, 2018

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA