IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                       CRIMINAL ACTION NO. 2:17-cr-00011

CLARENCE MURRAY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

      The Court has reviewed the Defendant's *Motion for Compassionate Release* (Document 81), wherein he requests release due to the threat posed by the spread of the novel coronavirus within the Bureau of Prisons. The Defendant states that "COVID-19 is out of control at FCI-Elkton placing all inmates and staff at risk." (Mot. at 2.) He indicates that he filed a request for compassionate release with the Warden on May 14, 2020, and has received no response. He argues that he would be at high risk of complications or death if he contracts COVID-19 because he suffers from hypertension, which has been identified as an underlying condition that can increase the severity of the virus.

      Pursuant to 18 U.S.C. § 3582, a Court may modify or reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . ." 18 U.S.C. § 3582(c)(1)(A). If such

circumstances exist, the Court may modify or reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), and finding that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at § 3582(c)(1)(A)(i).

Mr. Murray was sentenced to a term of 188 months of imprisonment on April 26, 2018 following his conviction, by guilty plea, to distribution of heroin.  He is currently incarcerated at FCI Elkton, with an anticipated release date of February 11, 2030.[1]

The Bureau of Prisons has taken some measures to protect the inmate population from COVID-19, and it has significant flexibility to address the needs of vulnerable inmates, including through isolation within facilities, temporary furloughs, and transfers.  This Court cannot address whether the BOP's measures are adequate to provide the Defendant with suitable conditions of confinement, as he is not confined within this district.  Given that this Defendant has served only a small portion of his sentence and that his anticipated release date is nearly a decade away, the Court finds that relief under § 3582(c)(1)(A)(i) based on the risk of contracting COVID-19 is not appropriate.  Further, to relieve the Defendant of his imposed sentence based on the facts alleged in the motion would constitute an unwarranted sentencing disparity among similarly situated defendants facing similar conditions of confinement in light of the pandemic.  Given the limited options available to the Court for providing relief under 18 U.S.C. § 3582(c)(1)(A)(i*),* the Court finds that the § 3553(a) factors do not weigh in favor of the Defendant's release.[2]

---

[1] The Court is aware that FCI Elkton has been the cite of a COVID-19 outbreak.  Litigation related to the conditions at the facility is pending in the Northern District of Ohio.  *Wilson et al. v. Williams et al.*, No. 4:20-cv-794, (N. D. Oh., Apr. 13, 2020).

[2] Given the § 3553(a) factors, the Court finds that compassionate release cannot be granted at this time but expresses no opinion as to any relief that may remain available via the BOP or through ongoing proceedings in the Northern District of Ohio.

Wherefore, after careful consideration, the Court **ORDERS** that the Defendant's *Motion for Compassionate Release* (Document 81) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:	August 14, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

3