IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        CRIMINAL ACTION NO. 2:17-cr-00011

CLARENCE MURRAY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Motion for Compassionate Release Pursuant to the First Step Act of 2018 and 18 U.S.C. 3582(c)(1)(A), Based on New Development* (Document 91). He asserts that he is at high risk of serious illness or death from Covid-19 as a result of chronic illnesses, including obesity and hypertension. In addition, he argues that there has been a change in the law such that his prior state drug convictions would not now qualify as predicates for the career offender enhancement. He contends that the change in law related to the career offender enhancement, in combination with risk from Covid-19, rehabilitation, and the time he has already served, constitute extraordinary and compelling circumstances warranting relief under the First Step Act. He urges the Court to resentence him to time served, giving consideration to his remorse, rehabilitation, and release plan.

Pursuant to 18 U.S.C. § 3582, a Court may modify or reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons

to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . ." 18 U.S.C. § 3582(c)(1)(A). If such circumstances exist, the Court may modify or reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), and finding that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at § 3582(c)(1)(A)(i).

The Fourth Circuit has held that a district court considering a motion for compassionate release must first "determine[] whether the defendant is eligible for a sentence reduction" by finding "that relief is warranted because of extraordinary and compelling reasons and consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024) (internal quotation marks omitted). The court then "considers whether the 18 U.S.C. § 3553(a) sentencing factors support relief." *Id.*

The United States Sentencing Guidelines provide that a term of imprisonment may be reduced upon a determination that "extraordinary and compelling reasons warrant the reduction…, the defendant is not a danger to the safety of any other person or the community…and the reduction is consistent with the policy statement." U.S.S.G. § 1B1.13(a). The policy statement further provides a list of circumstances that constitute extraordinary and compelling reasons, including terminal illness, certain other serious medical issues, certain infectious disease outbreaks or public health emergencies, aging related health problems in defendants 65 and over who have served 10 years or 75% of their sentence, family caregiving obligations, or sexual or physical abuse of the defendant while in custody by an individual with custody or control over the defendant. § 1B1.13(b)(1)-(4). In addition, other circumstances or combinations of circumstances of similar

2

gravity may constitute extraordinary and compelling reasons. Courts may also consider a change in the law if a defendant has served at least 10 years of an "unusually long sentence" where the change in the law would "produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." § 1B1.13(b)(6). A change in the law that does not meet the criteria of § 1B1.13(b)(6) may not be considered for purposes of finding extraordinary and compelling reasons, but may be considered for purposes of determining the extent of a reduction where extraordinary and compelling reasons have otherwise been established.

　　Mr. Murray was sentenced to a term of 188 months of imprisonment on April 26, 2018, following his conviction, by guilty plea, to distribution of heroin. He is currently incarcerated at Allenwood Medium FCI, with an anticipated release date of March 10, 2029. He attached a document entitled "Inmate Request to Staff Response," dated February 16, 2021, addressing a request for compassionate release. (Document 91-1.) The Court previously denied a motion for compassionate release on August 14, 2020. It is not clear that the February 2021 request constitutes an exhaustion of administrative remedies, given the change in circumstances since that time, as well as the assertion of additional grounds for relief. However, the Court will presume that the Defendant effectively exhausted administrative remedies.

　　While Covid-19 remains a health threat, it is no longer the subject of continuous emergency measures, and vaccines and treatments have alleviated some risk. The Court finds that the Defendant has not established that the criteria set forth in U.S.S.G. § 1B1.13(b)(1)(D) are met. He has not set forth evidence that the facility where he is housed is currently affected or at imminent risk of being affected by "an ongoing outbreak of infectious disease" or "an ongoing public health emergency declared by the appropriate federal, state, or local authority." U.S.S.G.

§ 1B1.13(b)(1)(D). The Court finds that the Defendant has not established that he received "an unusually long sentence" or that any change in the law would produce "a gross disparity" between his sentence and the sentence likely to be imposed today. § 1B1.13(b)(6).

Assuming arguendo that he is correct that his state drug convictions would not qualify as predicates for the career offender enhancement under current precedent, the Court finds no gross disparity based on application of the enhancement in this case. The law establishing which prior crimes of violence of controlled substance offenses qualify as predicates for purposes of the career offender enhancement creates a risk of disparate treatment because offenders with the same conduct and history may be treated differently based on the state in which they received a prior conviction and the structure of the specific state statute at issue. This individual defendant, however, still has multiple prior controlled substance offenses, involving conduct similar to that in his instant conviction, which warrant a lengthy sentence, whether or not those offenses support the career offender enhancement under current law. His history and characteristics remain similar to defendants who *do* qualify for the career offender enhancement. *See, e.g. United States v. Moody*, 115 F.4th 304, 314–15 (4th Cir. 2024) (affirming district court's finding, under similar facts, that change in the law, such that defendant would no longer qualify as a career offender, was not an extraordinary and compelling reason for a sentence reduction under the individual facts of the case). The Defendant was convicted in 1996, 1999 (multiple counts), 2007, and 2010 of possessing with intent to distribute, distributing, or manufacturing controlled substances, and had served previous significant sentences prior to his offense conduct in this case. That history both weighs against finding a gross disparity for the extraordinary and compelling reasons analysis, and weighs against finding that a sentence reduction is warranted under the § 3553(a) factors.

Wherefore, after careful consideration, the Court **ORDERS** that the Defendant's *Motion for Compassionate Release Pursuant to the First Step Act of 2018 and 18 U.S.C. 3582(c)(1)(A), Based on New Development* (Document 91) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: January 30, 2025

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA